UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARIO CARDENAS,<br>Defendant. | Case No. 5:11-cr-00355-EJD-30<br><br>**ORDER GRANTING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE AND CORRECT CONVICTION AND SENTENCE**<br><br>Re: Dkt. No. 921 |

Before the Court is Defendant Mario Cardenas' 28 U.S.C. § 2255 motion to vacate and correct his conviction and sentence. Amended 28 U.S.C. § 2255 Motion to Vacate ("Mot."), Dkt. 921. On December 9, 2019, the Government filed its response to Defendant's 2255 petition. Government's Position Regarding Re-Sentencing ("Govt. Brief"), Dkt. 929. Defendant filed his response to the Government's position regarding re-sentencing on December 12, 2019. Response to Government's Position Regarding Resentencing ("Reply"), Dkt. 931.

In February 2017, Defendant pled guilty to one count of RICO conspiracy, in violation of 18 U.S.C. § 1962(d), and one count of using or possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C.§ 924(c). The latter charge, a "crime of violence" under 18 U.S.C. § 924(c)(3)(B) ("the residual clause"), carried a five-year (60 month) mandatory minimum custodial sentence to be served consecutively to any other sentence imposed. In June, however, the United States Supreme Court held that the residual clause is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2323–24 (2019). In light of *Davis*, Defendant moves under 28 U.S.C. § 2255 for his conviction and sentence to be vacated, set aside, and corrected. For the

foregoing reasons, Defendant's motion is **GRANTED.**

## I. BACKGROUND

On March 19, 2014, the second superseding indictment charged Defendant with four offenses: RICO conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count 2); conspiracy to commit assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6) (Count 3); and use or possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 4). Dkt. 149 at 2–17. Defendant pled guilty to Counts One and Four, and the Government dropped Counts Two and Three. Dkt. 707.

On May 25, 2017, this Court sentenced Defendant to an aggregate of 100 months imprisonment (40 months for Count One and a consecutive 60-month mandatory minimum sentence on Count Four, the § 924(c) charge). Dkt. 747. Defendant is currently incarcerated at the United States Penitentiary, Yazoo City, with a scheduled release date of July 16, 2021.

## II. LEGAL STANDARD

A federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). If the court finds that relief is warranted, it must vacate and set aside the judgment and then discharge the prisoner, resentence him, grant a new trial, or correct the sentence as may appear appropriate. *Id.* § 2255(b). A court may retroactively apply a constitutional rule of criminal procedure to a prisoner's conviction and sentence if: (1) it places a class of conduct beyond the authority of the criminal law to proscribe or (2) it announces a watershed rule of criminal procedure. *See United States v. Brown*, 2019 WL 6521942, at *2 (N.D. Cal. Nov. 8, 2019).

## III. DISCUSSION

On June 24, 2019, the United States Supreme Court held that the residual clause—the very statute under which Defendant was convicted on Count Four—is unconstitutionally vague. *Davis*, 139 S. Ct. at 2323–24. The Government does not dispute that *Davis* applies retroactively or that it

requires the Court to vacate Defendant's § 924(c) conviction, *i.e.*, Count Four. *See* Govt. Brief at 2. Accordingly, the Court **GRANTS** Defendant's § 2255 motion and vacates Defendant's § 924(c) conviction and sentence.

The Government instead argues that this Court should resentence Defendant on the remaining count of conviction, *i.e.* Count One. *Id.* at 4. But, "the usual remedy is to set aside the counts on which illegal convictions were obtained and to leave untouched the valid convictions." *United States v. Barron*, 172 F.3d 1153, 1160 (9th Cir. 1999). The court has "wide discretion" to issue whatever remedy it deems "appropriate." *Troiano v. United States*, 918 F.3d 1082, 1086 (9th Cir. 2019) (holding that the standard of review for a district court's determination of the appropriate remedy in a § 2255 is abuse of discretion). The Court agrees with Judge Seeborg's recent opinion in *United States v. Brown*, where he declined to hold a resentencing hearing due to the "straightforward nature of correcting [the defendant's] conviction and sentence." 2019 WL 6521942, at *4. Likewise, here, there is no need to hold a resentencing hearing because the Court can easily excise the 18 U.S.C. § 924(c) conviction and sentence while leaving the 18 U.S.C. § 1962(d) count intact. Thus, Defendant's 18 U.S.C. § 924(c) conviction and sentence are vacated. As he has already served more than the 40-month custodial sentence on the 18 U.S.C. § 1962(d) count,[1] he must be released forthwith from the custody of the Bureau of Prisons.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's 18 U.S.C. § 924(c) conviction and sentence are vacated. As he has already completed his sentence for Count One, he must be released forthwith from the custody of the Bureau of Prisons.

**IT IS SO ORDERED.**

Dated: December 20, 2019

EDWARD J. DAVILA
United States District Judge

---

[1] Defendant completed his custodial sentence for the 18 U.S.C. § 1962(d) on November 16, 2019.

Case No.: 5:11-cr-00355-EJD-30
ORDER GRANTING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE AND CORRECT CONVICTION AND SENTENCE

3